SUSAN A. PHELPS, Respondent, v. JOHN W. PHELPS and Another, Appellants.

*Action to establish inchoate dower in the proceeds of the sale of real estate, the title to which was in a third person.*

*Quære,* whether a wife can maintain an action to have an inchoate right of dower adjudged to exist in the proceeds of sale of certain real property not standing in her husband's name, and to which he never had legal title, when the complaint in the action brought to establish such dower right alleges an agreement in writing, signed by the person holding the legal title to such land by deed, that it is held for the benefit of her husband, although it fails to state in full what the agreement was, or that it would give her husband a right to have a conveyance made to himself of the fee.

.APPEALS by the defendants, John W. Phelps and Richard Goodwin, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 29th day of August, 1893, overruling the demurrers of the respective defendants to the complaint, and also from an order of the Supreme Court, made at the Kings County Special Term and entered in said clerk's office on the 29th day of August, 1893, overruling such demurrers and directing judgment for the plaintiff.

This action was brought for the purpose of obtaining an adjudication that the plaintiff had an inchoate right of dower in the proceeds of the sale of certain real property alleged to have been purchased in the name of a third person for the benefit of her husband, who paid the entire consideration therefor, and who was the real owner of the same.

*Albert G. McDonald,* for the appellants.

*James D. Bell,* for the respondent.

PRATT, J.:

This case involves the question whether a wife can maintain an action to have inchoate dower declared in property not standing in her husband's name, and to which he never had the legal title. It is raised by a demurrer to the complaint.

Leaving out of consideration the allegation in the complaint that the defendant holds an agreement in writing, signed by a person

holding the legal title by deed, stating that it is held for the benefit of defendant, I think, under the law in this State, the demurrer was well pleaded. The complaint fails to state in full what the agreement is or that it would give the defendant a right to have a conveyance made to himself of the fee.

The respondent has quoted a large number of cases, none of which clearly hold that a wife is dowable in property so held except cases in other States where there is a statute giving dower in an equitable estate held by the husband.

While there is no direct authority in favor of respondent's contention, yet there are expressions which seem to lean in that direction, and an opinion of the court of last resort only can settle the question.

The case is on the border line, and in the absence of any direct authority upon either side, we have concluded to affirm the decision below as being the most equitable action.

The judgment should be affirmed, with costs.

DYKMAN and CULLEN, JJ., concurred.

Judgment affirmed, with costs.